Newell agt. Doran.

————◆————

## SUPREME COURT.

JOHN NEWELL agt. ERASMUS D. DORAN

Where the undertaking, filed on granting an order of arrest, is not *indorsed with the approval* of the justice who granted the order, pursuant to rule 4, the order, on motion, will be *vacated with costs.*

*Cortland Special Term, August* 13*th,* 1861.

MOTION to vacate order of arrest.

D. COATS, *for plaintiff.*
HUNT, GREEN & FRYER, *attorneys, and*
J. S. LEACH, *counsel for defendant making the motion.*

PARKER, Justice. The defendant moves to vacate the order of arrest made in this action, and bases his application on a failure, by the plaintiff's attorney, to comply with the 4th general rule of the court, which requires the plaintiff's attorney forthwith to file with the clerk of the proper county " all undertakings given upon procuring an order of arrest, an injunction order, or an attachment, *with the approval of the justice or judge taking the same, indorsed*

Newell agt. Doran.

*thereon;* " and provides that " in case *such undertaking* shall not be filed within five days after the order of arrest, or injunction, or the attachment has been granted, the defendant shall be at liberty to move the court to vacate the proceedings for irregularity with costs, as if no undertaking had been given."

In this case the plaintiff's attorney filed the undertaking in due time, but no approval of the judge who granted the order of arrest was indorsed on or filed with it, and none appears to have been made. It is this default of which the defendant complains, and which, he insists, entitles him to have the order vacated, " as if no undertaking had been given."

Although there is no other provision of the general rules of the court, or of the statute, specifically requiring the judge or justice who takes security, in the cases mentioned in the rule, to indorse his approval on the undertaking; still, I think the rule above cited clearly requires it, and that the filing of the undertaking, without any such approval, is not a compliance with the requirement of the rule, and subjects the party to the " penalty " therein specified, to wit: that the proceedings be held irregular, as if no undertaking had been given.

The plaintiff's counsel attempts to distinguish between an order of arrest and the other two cases mentioned, but I see no ground for making any distinction which will dispense with the approval in one case, and not in the other. In the case of an attachment, it is true, the undertaking of the plaintiff alone cannot be taken, but surety is required, while in the other two cases, the undertaking may, in the discretion of the judge or justice, be without surety. In the case of an order of arrest also, where the undertaking of the plaintiff alone is taken, he is required to justify in double the sum specified in the undertaking. But the undertaking in such case needs the approval no less than where sureties are taken, for by rule 6, personal sureties

are in all cases required to justify. The justification, therefore, does not dispense with the indorsement of approval.

The rule, in its terms, applies equally to all three of the cases mentioned, and must have effect in cases of arrest, as well as in injunction and attachment cases. The effect of the default is made by the rule the same as if no undertaking had been given. But without an undertaking the order would be void, as the judge or justice would have no jurisdiction to make it; section 182 of the Code expressly providing that, "before making the order, the judge shall require a written undertaking," &c.

I see no alternative, therefore, but to grant the defendant's motion pursuant to the rule, with $10 costs. The clerk of the county of Onondaga will file the papers on which the motion was made, and enter the proper order.